**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

CARRIAN BUCHANON, AS
ADMINISTRATOR OF THE ESTATE OF
MILDRED LUCILLE EVANS, DECEASED                                    PLAINTIFF

V.                                                    Civil Action File No. 3:03-CV-302WS

MARINER HEALTH CARE MANAGEMENT
COMPANY; MARINER HEALTH CENTRAL, INC.;
NATIONAL HERITAGE REALTY, INC.;  EVERGREEN
HEALTHCARE, INC.; GRANCARE, INC.; MARINER
POST-ACUTE NETWORK, INC.; BOYD GENTRY; AND
MID-SOUTH HEALTHCARE ASSOCIATES;                             DEFENDANTS

**ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is the motion of the defendants, (collectively the "defendants") for summary judgment filed pursuant to Rule 56, namely Rules 56(b)[1] and (c),[2] of the Federal Rules of Civil Procedure **[Docket No. 92]**.  Defendants herein are National Heritage Realty, Inc.; Evergreen Healthcare, Inc.; Grancare, Inc.; Boyd Gentry; and Mid-South Healthcare Associates.   In support of their motion, the defendants urge this court to limit

---

[1]Rule 56(b) of the Federal Rules of Civil Procedure provides that, "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[2]Rule 56(c), Federal Rules of Civil Procedure, provides in pertinent part:

  **(c) Motion and Proceedings Thereon.**  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

plaintiff's claim for non-economic damages to $500,000.00, as set forth in Mississippi Code Annotated § 11-1-60(2)(a)(i).[3]  Plaintiff herein is Carrian Buchanon, who opposes the defendant's motion.  Plaintiff argues that § 11-1-60 was not effective when the instant lawsuit was filed.

Having reviewed the motion, briefs, authorities, and other supporting documentation provided by both parties, this court finds the defendants' arguments well-taken and grants the motion.

## **RELEVANT FACTS AND ANALYSIS**

On October 8, 2002, the Mississippi House of Representatives passed, and the Governor signed, House Bill No. 2.  Section 7(2)(a)(I) of House Bill No. 2, now codified at Mississippi Code Annotated 11-1-60(2)(a)(i), provides that $500,000.00 shall be the statutory maximum recoverable for all non-economic damages in acts for injuries arising out of claims for medical malpractice or breach of standard of care against a provider of health care.  Section 7 of House Bill No. 2 clearly states that the aforementioned statutory limit shall apply to "claims for causes of action filed on or after passage of House Bill No. 2 . . . ."  However, § 13 of the bill states that the "act shall take and be in force from and after January 1, 2003, and shall apply to all causes of actions filed on or after that date."

---

[3]Miss. Code Ann. 11-1-60(2)(a)(i) states:

In any action for injuries based on malpractice or breach of standard of care against a provider of health care . . . in the event the trier of facts finds the defendant liable, that shall not award the plaintiff more than the following non-economic damages: (i) for claims for causes of action filed on or after passage of Chapter 2, 3rd Extraordinary Session 2002, but before July 1, 2011, the sum of Five Hundred Thousand Dollars ($500,000).

Plaintiff filed the instant lawsuit on December 19, 2002. Neither party disputes that House Bill No. 2 officially passed on October 8, 2002.

The central question for the court is whether Mississippi Code Annotated § 11-1-60 is controlling in this matter. This court finds that it is. In making this determination, this court applies the traditional elements of statutory construction. First, the court looks to the language of the statute itself. *Mississippi Gaming Comm'n v. Imperial Palace of Mississippi*, 751 So.2d 1025, 1028 (Miss. 2000). If the language of the statute is ambiguous, the court must next look to the legislative history of the legislation in an attempt to glean the intended purpose of the legislation. *Id.* Lastly, the court may consider an appropriate administrative agency's interpretation of the statute. *Id.* at 1029.

In the case *sub judice*, the court finds that it need not expand its inquiry beyond a plain reading of the statute. In construing a statute that contains conflicting clauses, courts should ascertain the intentions and purposes of the entire act and not allow a literal reading of a later provision to destroy a clear legislative enactment. *See Warner v. Board of Trustees of Jackson Municipal Separate School District*, 359 So.2d 345, 347 (Miss. 1978).

It is apparent to the court from a plain reading of the statute that the legislature intended § 7 of House Bill No. 2 to become enforceable after the passage of the bill. The terms of the section are specific and unambiguous. As such, this court sees no need to engage in statutory construction to glean what the legislature intended.

Additionally, over the course of the legislative session in which House Bill No. 2 was passed, the Mississippi Legislature indicated when it intended for an enactment

clause to take precedent over an entire act. *Compare* Background Information for H.B. 2, *with* Background Information for H.B. 10. In enacting H.B. 10, the Mississippi Legislature clearly identified a definite effective date, that is, upon passage; whereas, in passing House Bill No. 2, instead of noting a clear effective date, January 1, 2003, the Background Information advises that one should "see text" for the effective date of the bill's provisions.

As stated earlier, based on a plain reading of the text, the court determines that the legislature intended § 7 to take effect upon passage, October 8, 2002. Resultedly, this court holds that § 7 applies in this instant lawsuit.

## **CONCLUSION**

Accordingly, persuaded that plaintiff's claim for non-economic damage should be limited to $500,000.00, this court hereby grants defendants' motion for partial summary judgment.

**SO ORDERED, this the 28th day of April , 2006.**

                              **s/ HENRY T. WINGATE**

                              **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:03-CV-302WS
Order